UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| CURTIS LEE MARTIN, ) | |
| ) | |
| Plaintiff, ) | No. 1:14-cv-00075 |
| ) | Chief Judge Haynes |
| v. ) | |
| ) | |
| DEPARTMENT OF PROBATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff Curtis Lee Martin, an inmate at the Lawrence County Jail in Lawrenceburg, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: "the Department of Probation" in Lawrenceburg, Tennessee, and Jamie Staggs and Angela Swanson, probation officers. Plaintiff alleges that the Defendants' acts caused him to lose his probation status. (Docket Nos. 1 and 2). The Plaintiff seeks damages in excess of five million dollars. *Id.* at 5.

According to his complaint, in September 2013, the Defendants Staggs and Swanson placed an ankle monitor on Plaintiff as part of his probation. Plaintiff alleges that while performing his job, the ankle monitor became entangled on a ladder and caused the Plaintiff to fall. Plaintiff suffered injuries and lost his job as a result of the fall. Plaintiff further alleges that the Defendants lied about the Plaintiff's whereabouts and the individual Defendants' persistent late night telephone calls to the Plaintiff's hotel room caused him to lose his home at the Star Motel and prevented the Plaintiff from finding another job. Plaintiff also alleges that Defendant Swanson told the Plaintiff that he could not see his two children even though the Plaintiff alleges that the Tennessee Bureau of Investigation permits visitation. (Docket No. 1, Complaint at 5).

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or

seeks monetary relief from a defendant who is immune from such relief.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978).

The Defendant "Department of Probation" is either a county or state agency. An agency of the state of Tennessee cannot be sued in a Section 1983 action. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). A county department is not a legal entity that can be sued, nor is it a "person" for purposes of a Section 1983 action. *Victor v. Roscommon County Probation Dep't*, 2012 WL 1598138, at *2 (E.D. Mich. May 7, 2012). Thus, the Plaintiff's claims against the Defendant Department of Probation fail as a matter of law.

A probation officer's performance of his or her duties to ensure that a probationer is complying with the Court's Order setting the terms of probation enjoys quasi-judicial immunity from damages in a Section 1983 action. *See Loggins v. Franklin County, Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007). Plaintiff's claims and allegations about Defendants Swanson and Staggs concern the performance of their duties as probation officers. Thus, Plaintiff's damages claims against these Defendants must be dismissed.

For theses reasons, the Court concludes that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(2). Accordingly, this action should be dismissed.

An appropriate Order is filed herewith.

ENTERED this the 8th day of July, 2014.

WILLIAM J. HAYNES, JR.
Chief United States District Judge